# CLARA HORTENSE LARSON v. GREAT NORTHERN RAILWAY COMPANY.[1]

May 14, 1909.

Nos. 16,053—(58).

Action in the district court for Carlton county to recover $145.85 for the loss of a suit case which was placed in defendant's care and through defendant's alleged negligence was either lost or stolen. From an order, Dibell, J., overruling defendant's demurrer to the complaint, it appealed. Affirmed.

*W. R. Begg, J. A. Murphy* and *W. M. Steele*, for appellant.
*Walter L. Case*, for respondent.

[1]Reported in 121 N. W. 121.

PER CURIAM.

The complaint demurred to alleged: That plaintiff, having paid to defendant, a common carrier, the proper fare, and having been duly transported to the place of her destination, Cloquet, delivered a suit case containing wearing apparel to one Crook, an employee of defendant as cashier of its freight and baggage depot at that place. "That said suit case was delivered to said Crook by plaintiff with the express understanding and agreement that he should safely store and care for said valise until the following Monday morning or until July 29, 1907, at which time plaintiff agreed to call for the same; that said Crook then and there accepted and received the same."

That he placed the valise in the freight office of the defendant at Cloquet, Minnesota. That she knew, at the time of the delivery of the said property, that said Crook was an employee of the defendant, and that in delivering the property to the care of said Crook she relied upon the fact that said Crook was an employee of the defendant, and as such the defendant would become wholly responsible for said property. That she called for her valise at the freight depot, and demanded her property, or its value, and that the same has not been delivered. That her demand was refused, and that defendant did not safely keep and care for said goods, but, on the contrary, negligently and carelessly allowed the same to become wholly lost to the plaintiff, and that she has been damaged in the sum of $145.85. For this sum she demands judgment. The defendant appealed from the order overruling its demurrer.

Defendant, in its brief, argues three propositions, namely: (1) That the express contract with Crook here pleaded excluded a contract to which defendant was party; (2) that the act of Crook was not within the apparent scope of his authority, so as to make his acts the acts of defendant; and (3) that his agreement as to storage was for the mere accommodation of the plaintiff, to her knowledge, and was in no wise binding upon defendant. These propositions result in two objections to the pleadings. They do not concern what may be the substantial controversy on the merits, which is considered by the authorities to which defendant has referred us in addition to those cited in its brief. The right of plaintiff to finally prevail is not before us, and is not hereby determined. The only question formally argued pertained to the sufficiency of the pleadings.

The pleading was intended to allege a contract of bailment made by defendant's cashier for it with the plaintiff. The words employed are not the most apt or exact. The allegations are somewhat ambiguous. On motion the trial court might well have required that the pleadings be corrected. A court of appeal, however, is not the proper place in which to prune a declaration. As against a demurrer, the allegations of a contract with defendant were sufficient. In this view, the complaint contained an allegation as to the apparent authority of its cashier to impose an obligation on defendant, which was sufficient to require defendant to answer. It may be that the action of Crook was so wholly unauthorized, and so wholly without the employment, to plaintiff's knowledge, that it

did not bind the defendant. This does not, however, appear upon the complaint as against the demurrer.

Affirmed.